# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MATTHEW LEMINGS, ET AL.                      CIVIL ACTION

VERSUS                                       NO. 18-768-BAJ-RLB

CHARLES TAYLOR, ET AL.

## ORDER

Before the Court is Defendants' Motion to Strike Plaintiffs' Expert Witnesses Randolph Rice, Stephanie Chalfin, and Seth Michael Broussard. (R. Doc. 38). In opposing the motion, Plaintiffs filed a Motion to Supplement and Amend Plaintiffs' Expert Witness List. (R. Doc. 53).

Also before the Court is Defendants' Motion to Strike Treating Physicians. (R. Doc. 43). The motion is opposed. (R. Doc. 56). Defendants filed a Reply. (R. Doc. 66).

Also before the Court is Defendants' Motion for Leave to Submit Supplemental Expert Reports. (R. Doc. 46). The motion is opposed. (R. Doc. 51). Defendants filed a Reply. (R. Doc. 67).

Also before the Court is Plaintiffs' Motion to Quash Subpoena to Kirby Humbles and Baton Rouge General Physicians, Marcus Rovira and Our Lady of the Lake Physician Group Ascension, and Mohammed Siddiqui and Notice of Records Deposition and Stay of the Return and Request for Protective Order. (R. Doc. 41). The motion is opposed. (R. Doc. 58).

On October 2, 2018, the Court held oral argument on the foregoing motions. (R. Doc. 68).

This is a personal injury action involving a motor vehicle accident that occurred on or about April 6, 2017. (R. Doc. 1-2). Plaintiffs allege that Matthew Lemings swerved his vehicle to the left to avoid a collision on the interstate with a tractor-trailer driven by the defendant

1

Charles Taylor, resulting in his vehicle ramming into the interstate barrier and flipping over. (R. Doc. 1-2 at 2). Mr. Lemings allegedly suffered severe contusions and lacerations, a broken nose, and serious and permanent injuries to his spine and legs, and is seeking, among other things, to recover for physical and emotional injuries, medical expenses, and lost wages. (R. Doc. 1-2 at 2-4). Defendants removed the action from state court on August 14, 2018. (R. Doc. 1).

On October 17, 2018, the Court held a scheduling conference in which Plaintiff's counsel represented that Mr. Lemings had reached maximum medical improvement. (R. Doc. 8). The Court set various deadlines in this action, including a 5-day jury trial to commence on April 6, 2020. (R. Doc. 8). The Court subsequently reset the discovery and motion deadlines for the purposes of providing the parties additional time to conduct depositions and to provide Plaintiffs with additional time to obtain and submit expert reports. (R. Docs. 13, 37).

Defendants' motions to strike concern the following individuals identified as experts by Plaintiff: Randolph Rice (economist), Stephanie Chalfin (vocational rehabilitation), Seth Michael Broussard (physical therapist), Jennifer Marino (physical therapist); Dr. Kyle Girod (orthopedics); Dr. Mark John (pain management); Dr. Brandon Tilley (primary care); and Dr. Jeffrey Laborde (radiology). (R. Docs. 38, 46). In short, Defendants seek an order precluding Mr. Rice, Ms. Chalfin, Mr. Broussard, and Ms. Marino from providing expert testimony on the basis that they failed to provide expert reports in conformity with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. There is no dispute that Mr. Rice, Ms. Chalfin, and Ms. Marino did not provide any expert reports by the August 19, 2019 deadline to do so. While Mr. Broussard produced a timely functional capacity evaluation and CV, Defendants argue that this report does not meet the specific requirements of Rule 26(a)(2)(B). Defendants similarly seek an order excluding the testimony of Dr. Girod, Dr. John, Dr. Tilley, and Dr. Laborde on the basis that

Plaintiff did not provide timely summaries of the subject matter, facts and opinions to which these treating physicians are expected to testify as required by Rule 26(a)(2)(C). Finally, Defendants seek leave to submit supplemental reports in light of additional information obtained regarding Mr. Lemings' treatment after Defendants' deadline to provide expert reports. (R. Doc. 46).

At oral argument, it became clear that Mr. Lemings has not in fact reached maximum medical improvement. (R. Doc. 68), In addition to various representations regarding Mr. Lemings' continuing treatment, Plaintiffs' counsel submitted a medical report indicating that Mr. Lemings made his initial visit with a new treating physician, Dr. Joseph Turnipseed, on September 26, 2019 and will be scheduled for diagnostic facet joint injections. (R. Doc. 69) (under seal). Plaintiffs' counsel further represented that Mr. Rice and Mr. Chalfin, while retained for the purpose of providing expert reports, did not provide timely expert reports in light of the uncertainties created by Mr. Lemings' continuing treatment with respect to his life plan. The Court suspended the remaining deadlines in the Scheduling Order pending a telephone conference with the parties on October 30, 2019 to discuss Mr. Lemings' continued treatment. (R. Doc. 68 at 2).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The court consider four factors in determining whether to allow a party to disclose an expert beyond the deadline set in the Court's

scheduling order: "(1) the explanation for the failure to [disclose the expert] on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)).

There are two types of testifying experts who must be disclosed pursuant to Rule 26 — witnesses who must provide a written report pursuant to Rule 26(a)(2)(B) and witnesses who do not provide a written report pursuant to Rule 26(a)(2)(C). An expert is required to provide a written report "if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Where an expert witness "is not required to provide a written report, [the expert] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Proper designation of a treating physician as a testifying expert pursuant to Rule 26(a)(2)(C) requires production of "an actual summary of the facts and opinions to which the witness is expected to testify." *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (disclosure consisting of medical records alone is insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)).

Many of the issues raised by the foregoing motions could have been resolved had counsel discussed Mr. Lemings' continuing treatment and notified the Court of such prior to the expiration of expert deadlines. That said, the Court finds found good cause under Rule 16(b)(4) to provide for additional limited discovery with respect to Plaintiffs' continuing treatment, and

will set new deadlines with respect to expert disclosures, reports, and discovery as merited based upon Mr. Lemings' need for continued treatment and as detailed further below. Plaintiffs' counsel has explained that the deadlines were not satisfied in light of Mr. Lemings' continuing treatment and the expert testimony is of paramount portance to Plaintiffs' claims. Defendants will not be prejudiced by these new deadlines as they will have an opportunity to provide any necessary supplemental and/or rebuttal expert reports and to depose Plaintiffs' experts. The Court will discuss with the parties at the October 30, 2019 telephone conference the scope of any additional discovery that may be required and the setting of a new trial date if necessary.

In the context of opposing Defendant's Motion to Strike Treating Physicians, Plaintiffs' counsel provided supplemental Rule 26(a)(2)(C) disclosures with respect to Dr. John, Dr. Girod, Dr. Laborde, and Dr. Tilley. (R. Doc. 56 at 6-7). The Court finds good cause to allow these supplemental disclosures in light of Mr. Lemmings' continued treatment and the suspension of the remaining deadlines in this action. Plaintiffs' counsels shall supplement these disclosures further to the extent any additional treating physicians, such as Dr. Turnipseed, are identified while Mr. Lemings continues treatment.

The foregoing supplemental disclosure also provides, however, a summary of opinions for Ms. Marino and Mr. Broussard. Plaintiffs' counsel represented at oral argument that Ms. Marino was identified as an expert out of an abundance of caution because she is a senior physical therapist who reviews Mr. Broussard's work at Moreau Physical Therapy. There is no dispute that Plaintiff has not <u>treated</u> with either Ms. Marino or Mr. Broussard. Accordingly, the Court finds the disclosure of Ms. Marino and Mr. Broussard as experts who would not be required to provide written reports under Rule 26(a)(2)(C) to be inappropriate. Defendants may

5

renew their motion to strike with respect to Ms. Marino and/or Mr. Broussard should Plaintiffs attempt to again identify them as experts who are not required to provide written reports.

Given Mr. Lemings' continuing treatment, the Court also finds good cause for extending the deadline for Plaintiffs to submit expert reports by Mr. Rice and Ms. Chalfin, as well as any necessary supplements to Mr. Broussard's report to meet the requirements of Rule 26(a)(2)(B), within any new deadline for Plaintiff to provide expert reports established by the Court. The Court does not, however, find good cause for allowing Plaintiffs to identify any additional retained experts not previously disclosed to Defendants. Defendants will not be prejudiced by these extensions as the foregoing experts have been previously identified and the Court will provide Defendants the opportunity to conduct appropriate expert discovery with respect to any additional expert reports, as well as the opportunity to provide additional supplemental and/or rebuttal reports. Based on the foregoing, the Court will deny Defendants' motions to strike as moot and without prejudice to refiling as necessary with respect to any untimely expert disclosures or reports under the newly established deadlines.[1] The Court will also grant Defendants' motion to supplement their expert reports (R. Doc. 46) as necessary in light of Mr. Lemings' continuing treatment.

Finally, the Court will deny Plaintiffs' motion to quash and/or protective order (R. Doc. 41), which seeks an order quashing various subpoenas issued and served by Defendants on certain healthcare provides. Among other issues, Plaintiffs' motion does not attach the underlying subpoenas or explain the nature of the information sought by the subpoenas. Accordingly, the Court cannot assess, based upon Plaintiff's motion, whether the subpoenas are valid under Rule 45 and whether a protective order should be issued under Rule 26. As

---

[1] Defendants may challenge the sufficiency of Mr. Broussard's' report in an appropriate motion in limine or through cross-examination.

discussed at oral argument, the medical records sought are within the scope of discovery in light of the damages sought. Furthermore, the Court has addressed any issues with respect to the confidential nature of the information sought by the subpoenas by requiring the documents to remain in the custody of counsel, to not be disclosed to any third party or filed in open court, and to be filed under seal with leave of court if necessary. (*See* R. Doc. 68).

Based on the foregoing, as well as the oral reasons provided at argument,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiffs' Expert Witnesses Randolph Rice, Stephanie Chalfin, and Seth Michael Broussard (R. Doc. 38) and Defendants' Motion to Strike Treating Physicians (R. Doc. 43) are **DENIED** and Defendants' Motion for Leave to Submit Supplemental Expert Reports (R. Doc. 46) is **GRANTED** consistent with the body of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Supplement and Amend Plaintiffs' Expert Witness List. (R. Doc. 53) is **GRANTED** and Plaintiffs' Motion to Quash Subpoena to Kirby Humbles and Baton Rouge General Physicians, Marcus Rovira and Our Lady of the Lake Physician Group Ascension, and Mohammed Siddiqui and Notice of Records Deposition and Stay of the Return and Request for Protective Order (R. Doc. 41) is **DENIED** consistent with the body of this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on October 9, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**