# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| MATTHEW LEMINGS, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | |
| CHARLES TAYLOR, ET AL. | NO. 18-00768-BAJ-SDJ |

## RULING AND ORDER

Before the Court is Defendants' **Motion To Strike And Exclude Experts Jennifer Marino, Seth Broussard, Eric Oberlander, Elizabeth Martina, And Randolph Rice (Doc. 93)**. Plaintiffs oppose Defendants' Motion (Doc. 13). For the following reasons, Defendants' Motion will be granted and Plaintiffs' proposed expert witnesses Jennifer Marino, Seth Broussard, Eric Oberlander, Elizabeth Martina, and Randolph Rice will be excluded from providing testimony and evidence in support of Plaintiffs' claims.

## I. BACKGROUND

### A. Undisputed Facts

The following facts are undisputed, as set forth in the parties' joint Pretrial Order (Doc. 110).

This action arises from an April 6, 2017 motor vehicle collision on U.S. Interstate 10 in East Baton Rouge Parish, Louisiana (the "April 6 collision"). (Doc. 110 at 6). Plaintiff Matthew Lemings was driving his 2000 Chevrolet Trailblazer eastbound when he was struck by a 2007 Freightliner tractor operated by Defendant Charles Taylor. (*Id.* at 6-7). At the time of the accident, Mr. Taylor was employed by Defendant BR539 Trucking LLC, and was acting in the course and scope of his

employment. (*Id.* at 7).

Mr. Lemings alleges he suffered injuries and an ongoing disability as a result of the accident, and seeks damages in an amount to be determined at trial, including damages to compensate for past and future lost wages, and loss of earning capacity. (*Id.* at 5).

**B. Procedural History**

Plaintiffs Matthew and Candace Lemings (Matthew's wife) initiated this action on April 3, 2018, naming Mr. Taylor, BR539 Trucking, and Hallmark County Mutual Insurance Company as defendants. (Doc. 1-2). Multiple issues remain for trial, including whether Defendants are at fault for the collision; whether and to what extent Defendants caused Mr. Lemings' alleged injuries; whether and to what extent Mr. Lemings continues to experience a disability as a result of any such injuries; and whether and to what extent Mr. Lemings has experienced a past and future loss of wages and earning capacity as a result of the April 6 collision. (Doc. 110 at 7-8).

Now, Defendants seek to exclude certain experts retained by Plaintiffs to support Mr. Lemings' allegations of an ongoing disability, and lost wages and earning capacity: specifically, Randolph Rice, Ph.D. (an economist), Jennifer Marino (a non-treating physical therapist), Seth Broussard (also a non-treating physical therapist), Eric Oberlander, M.D. (a non-treating orthopedic surgeon), and Elizabeth Martina (a vocational rehabilitationist). (Doc. 93). Defendants' Motion is based on Plaintiffs' repeated failure to comply with this Court's scheduling orders and the expert disclosure requirements of Federal Rule of Civil Procedure ("Rule") 26. (*See id.*). Putting Defendants' Motion in context requires an account of Plaintiffs' dilatory

2

approach to expert disclosures throughout this litigation.

On October 17, 2018, the Court entered its original Scheduling Order, setting deadlines of May 17, 2019 for Plaintiffs to disclose the identities and resumes of any proposed experts, and June 17, 2019 for producing expert reports. (Doc. 8 at 2).

On April 10, 2019, at the parties' request, the Court modified its original Scheduling Order, and extended Plaintiffs' expert identification deadline to June 19, 2019, and Plaintiffs' expert report deadline to July 19, 2019. (Doc. 13 at 2).

On June 19, 2019, Plaintiffs provided Defendants a purported "Preliminary Expert Witness List." (Doc. 33-1). Relevant here, Plaintiffs' "preliminary" list named eight potential experts, including Ms. Marino, Mr. Broussard, and Dr. Rice. Plaintiffs' June 19 list did *not* identify Dr. Oberlander or Ms. Martina.

On July 16, 2019, three days before their deadline to produce expert reports, Plaintiffs moved for a 60-day extension, claiming that they lacked adequate time to consult their experts and prepare reports. (*See* Doc. 31-1). Ultimately, the Court granted Plaintiffs' request in part, and provided Plaintiffs a 30-day extension, or until August 19, 2019. (Doc. 37 at 4). Still, however, the Court found "Plaintiffs' explanations for their failure to timely submit complete expert reports to be conclusory and inadequate," and questioned "Plaintiffs' lack of diligence in meeting their expert report deadline." (*Id.* at 3-4). Indeed, the Court went further, stating:

> To the extent Plaintiffs have faced hardships resulting from the underlying incident and the ongoing litigation, that is true in any personal injury action. Plaintiffs failed to make any attempt to identify the specific experts who would be providing expert reports and for which the extension is requested. … It also remains a mystery whether and to what extent Plaintiffs are seeking an extension to provide expert reports.

3

> Plaintiffs appear to assert that the extensions are justified because Mr. Lemings is still treating with one of his physicians, but Plaintiffs did not seek any extensions of the non-expert discovery deadline, which closed on May 31, 2019, based on Mr. Lemings' continued treatment. Indeed, Plaintiffs' counsel advised the Court on October 17, 2018 that Mr. Lemings had reached "maximum medical improvement at that time."

(*Id.*).

Time passed. On August 19, 2019 Plaintiffs provided Defendants a new expert witness list, again naming eight expert witnesses—including Jennifer Marino and Seth Broussard—accompanied by reports. (Doc. 38-2). Notably, this new list *omitted* Randolph Rice, and Plaintiffs did not provide a report prepared by Dr. Rice. And again, Plaintiffs' August 19 list did *not* identify Dr. Oberlander or Ms. Martina.

On August 29, 2019, Defendants moved to strike Dr. Rice and Mr. Broussard from Plaintiffs' expert witness list. (Doc. 38). Defendants argued that Dr. Rice should be stricken because he was not included on Plaintiffs' August 19 list, and had not produced a report as of the August 19 report deadline. Defendants argued that Mr. Broussard should be stricken because he was not a treating physician and his proposed report—consisting of a Functional Capacity Evaluation—did not include his testimonial history; a summary of his opinions; the facts and data considered in forming his opinions; exhibits used to summarize or support his opinion; or a statement of compensation, as required by Rule 26(a)(2)(B). (*See* Doc. 38-1 at 8-10).

Thereafter, on September 17, 2019, Defendants moved to strike Jennifer Marino because, like Dr. Rice, she failed to produce a report by the August 19 deadline. (Doc. 43-1 at 12-13).

On October 2, 2019, the Court held a hearing on Defendants' motions to strike.

4

(Doc. 68). At this hearing, Plaintiffs' counsel acknowledged that Dr. Rice and Ms. Marino failed to provide expert reports by the August 19, 2019 deadline. Additionally, Plaintiffs' counsel *admitted* that Dr. Rice was retained for the purpose of a providing an expert report, (*see* Doc. 71 at 3), and, further, that Ms. Marino and Mr. Broussard are *not* Mr. Lemings' treating physicians. (*see id.* at 5).

Still, despite Plaintiffs' admissions and ongoing delays, on October 9, 2019, the Court entered an Order once again extending Plaintiffs' deadline to submit expert reports from Dr. Rice and Ms. Marino, and to supplement the report of Mr. Broussard. (Doc. 71 at 6). The Court's October 9 Order clarified that any reports for these proposed experts must comply with the requirements of Rule 26(a)(2)(B), and expressly allowed Defendants the opportunity to renew their motion to strike should Plaintiffs fail to provide satisfactory reports. (*Id.* at 5-6). Additionally, the Court ruled out the possibility of Plaintiffs identifying *additional* experts, explaining that Plaintiffs failed to show good cause "to identify any additional retained experts not previously disclosed to Defendants." (*Id.*). Thereafter, the Court issued yet another amended scheduling order, re-setting Plaintiffs' expert report deadline to October 26, 2020, and setting a final discovery deadline of December 31, 2020. (Doc. 89 at 2).

More time passed. And still Plaintiffs did not produce reports for Dr. Rice or Ms. Marino. Plaintiffs also failed to supplement Mr. Broussard's report. Rather, on October 26, 2020—the new expert *report* deadline—Plaintiffs submitted yet another expert witness list that included *two* previously unidentified experts—Dr. Oberlander and Ms. Martina—in blatant disregard of the Court's October 9, 2019 Order

5

prohibiting any additional retained experts not previously disclosed to Defendants. (Doc. 90).

On October 28, 2020, two days *after* Plaintiffs' final deadline to produce expert reports, Plaintiffs filed a motion seeking yet another 60-day extension. (Doc. 91). The Court denied Plaintiff's motion without prejudice, due to Plaintiffs' failures to confer with Defendants prior to filing, and to explain how an extension may affect other pretrial deadlines. (Doc. 92). Plaintiffs did not re-submit their motion.

As of February 2021, Plaintiffs still had not produced any reports whatsoever for Ms. Marino and Dr. Rice, and had not supplemented the report of Mr. Broussard. Moreover, as stated, Plaintiffs' October 26 expert witness list included the previously unidentified Dr. Oberlander and Ms. Martina. Accordingly, on February 1, 2021, Defendants filed the instant motion to exclude Ms. Marino, Mr. Broussard, Dr. Rice, Dr. Oberlander, and Ms. Martina. (Doc. 93).

On March 15, 2021, Plaintiffs filed their opposition to Defendants' Motion. (Doc. 100). Plaintiffs opposition represents that Plaintiffs produced reports for Ms. Martina and Dr. Rice on February 18, 2021—*after* Defendants filed their Motion— but says nothing regarding whether they have produced reports for Ms. Marino or Dr. Oberlander, or supplemented the report of Mr. Broussard. (*Id.* at 2). Additionally, Plaintiffs' opposition does not address Defendants' arguments seeking to exclude Ms. Marino and Dr. Oberlander. (*See generally id.*). Instead, Plaintiffs' opposition focuses solely on Ms. Martina, Dr. Rice and Mr. Broussard, essentially arguing that these witnesses are too important to exclude from trial, and that any prejudice to

6

Defendants can be cured by yet another extension of the discovery deadlines.

## II. ANALYSIS

### A. Standard

"[A] party who wishes to employ an expert witness to present evidence at trial must disclose to the other parties the identity of the expert it may use at trial 'at the times and in the sequence directed by the court.'" *Williams v. State*, No. 14-cv-00154, 2015 WL 5438596, at *1 (M.D. La. Sept. 14, 2015) (Jackson, J.) (quoting Fed. R. Civ. P. 26(a)(2)(A)). "Furthermore, if the expert witness is retained or specifically employed for the purpose of litigation, as contemplated by Rule 26(a)(2)(B) (the 'higher standard'), he must produce to the other parties an expert report containing his opinions, the facts and data used, any exhibits to be used, the witness's qualifications, other cases he has testified in, and a statement of the compensation paid for services." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(B)). "The purpose of the expert disclosure requirements is to allow both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *United States v. 9.345 Acres of Land*, No. 11-cv-803, 2016 WL 5723665, at *13 (M.D. La. Sept. 30, 2016) (Brady, J.).

Rule 16(b) authorizes the Court to control and expedite the discovery process through a scheduling order. *See* Fed. R. Civ. P. 16(b). "Consistent with this authority, the Court has 'broad discretion' to enforce its scheduling order," including deadlines related to expert disclosures and expert reports. *See Consol. Env't Mgmt., Inc.--Nucor Steel Louisiana v. Zen-Noh Grain Corp.*, 981 F. Supp. 2d 523, 535 (E.D. La. 2013) (Vance, J.). (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). "The

7

Federal Rules of Civil procedure specifically authorize the Court to sanction a party for failing to comply with its scheduling order by excluding evidence." *Id.* (citing Fed. R. Civ. P. 16(f), 37(b)(2)).

The U.S. Court of Appeals for the Fifth Circuit has identified four factors to guide the Court's discretion when decided whether to exclude experts not properly designated under Rule 26:

> (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

*Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman*, 893 F.2d at 791).

### B. Discussion

#### i. Jennifer Marino and Eric Oberlander

As stated, Plaintiffs opposition fails to address Defendants' arguments seeking to strike Ms. Marino and Dr. Oberlander. In effect, Plaintiffs tacitly concede that these witnesses must be excluded. This conclusion is reinforced by the parties' Joint Pretrial Order—submitted two months *after* Plaintiffs' opposition—which does *not* include Ms. Marino and Dr. Oberlander among Plaintiffs' proposed experts. (*See* Doc. 110 at 24-26).[1] Accordingly, Defendants' Motion will be granted as to Ms. Marino and

---

[1] The Court's pretrial order instructions prohibit trial testimony from witnesses "not listed in the parties' jointly submitted Pretrial Order, absent good cause shown." *See* Pretrial Order Instructions In Civil Matters Before Chief Judge Brian A. Jackson, at § III(J), *available at*: https://www.lamd.uscourts.gov/sites/default/files/forms/PretrialOrderInstructionsInCivilMattersBeforeChiefJudgeBrianAJackson.pdf.

8

Dr. Oberlander.[2]

>> ii. **Seth Broussard, Elizabeth Martina, and Randolph Rice**

This leaves Mr. Broussard, Ms. Martina, and Dr. Rice. At this late date, Plaintiffs have finally produced reports for each of these proposed experts (albeit in varying degrees of completion). Still, it is undisputed that Plaintiffs (1) only identified Ms. Martina as an expert in October 2020, more than one year after the Court prohibited Plaintiffs from naming "additional retained experts not previously disclosed to Defendants"; (2) only produced reports from Ms. Martina and Dr. Rice in February 2021, nearly four months after the final October 26, 2020 deadline, and two months after discovery closed; and (3) still have not supplemented Mr. Broussard's report to satisfy the requirements of Rule 26(a)(2)(B). For present purposes, the result is the same: Plaintiffs' designations of these experts are untimely, and the Court must apply the Fifth Circuit's four-factor test to determine whether to excuse Plaintiffs' delay, or to exclude these witnesses.

>> a. **Plaintiffs' explanation for failing to timely designate their expert witnesses**

Tellingly, Plaintiffs offer no explanation whatsoever for their failure to identify their expert witnesses and produce expert reports within the limits provided by the Court's various Scheduling Orders. The Court will not speculate as to Plaintiffs' reasons, or attempt to develop justifications on Plaintiffs' behalf. Plaintiffs' failure to

---

[2] Alternatively, Plaintiffs have waived any argument that Ms. Marino and Dr. Oberlander should be permitted to testify at trial. *Gray v. City of Denham Springs*, No. 19-cv-00889, 2021 WL 1187076, at *5 (M.D. La. Mar. 29, 2021) (Jackson, J.) (explaining that a party's failure to address an issue acts as waiver under the Court's Local Rules). The result is the same: Defendants' Motion is granted and Ms. Marino and Dr. Oberlander will be excluded.

address this factor favors exclusion.

### b. The importance of the witnesses' testimony

Plaintiffs insist that the testimony Mr. Broussard, Ms. Martina, and Dr. Rice "cannot be overstated" because it supports Plaintiffs' claims of a continuing disability and lost earnings resulting from the April 6 collision, and that excluding these witnesses "would be tantamount to dismissing Mr. Lemings' claim for loss of future wages and/or earning capacity." (Doc. 100 at 3-4). For present purposes, the Court assumes that Plaintiffs' representations are true.[3] But while the importance of these witnesses' proposed testimony weighs against exclusion, "the importance of proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Hamburger*, 361 F.3d at 883 (quotation marks omitted). "Additionally, the importance of the testimony underscores how critical it was for [Plaintiffs'] to have timely designated [these witnesses]." *Id*. This factor points in two directions, and therefore does not favor or disfavor exclusion.

### c. The potential prejudice in allowing the witnesses' testimony

The third factor, potential prejudice, weighs in Defendants' favor. Since Ms. Martina was not even identified until one year after expiration of the deadline to identify expert witnesses, Defendants did not have reason to know that Plaintiffs

---

[3] Notably, Defendants have also filed a motion for partial summary judgment, which, if granted, would dismiss Plaintiffs' claims for loss of earning capacity and future lost wages. (Doc. 94). Plaintiffs oppose Defendants' motion, relying principally on findings, declarations, and reports provided by Ms. Martina, Mr. Rice, and Mr. Broussard. (*See* Doc. 101). Not surprisingly, in their reply memorandum, Defendants argue that the Court should disregard all such evidence, due to Plaintiffs' failure to timely designate these witnesses and produce reports consistent with Rule 26. (Doc. 109 at 1).

intended to call her to give expert testimony regarding Mr. Lemings' employment prospects and future earning capacity. Additionally, Plaintiffs' failure to produce any reports whatsoever from Ms. Martina and Dr. Rice until *after* the final discovery deadline closed, and their ongoing failure to supplement Mr. Broussard's report, has effectively deprived Defendants' of the opportunity to properly depose these witnesses, to develop competing evidence, to retain competing experts, and to produce competing expert reports. As noted above, the issue of Mr. Lemings' ongoing disability and lost wages and earning capacity is central to this case, and substantially increases the potential damages at issue. (*See* Doc. 110). Undoubtedly, prejudice would result if Plaintiffs' are allowed to introduce these witnesses without affording Defendants' time and opportunity to evaluate their testimony and develop rebuttal evidence.[4] This factor also favors exclusion.

---

[4] Plaintiffs argue that any prejudice to Defendants resulting from Mr. Broussard's incomplete report "was cured by the taking of his deposition." (Doc. 100 at 5). Not so. This Court has previously ruled that a party cannot plausibly assert that a later deposition cures a deficient expert report "when, at the time of [the] deposition, Defendants had no indication of what to expect from [the expert's] testimony, and likely could not adequately prepare for his deposition because of the deficiency." *Williams*, 2015 WL 5438596, at *5; *see also Shepherd v. GeoVera Specialty Ins. Servs., Inc.*, No. CIV.A. 14-862, 2015 WL 1040452, at *2 (E.D. La. Mar. 10, 2015) (Milazzo, J.) ("An expert cannot remedy deficiencies in his report by clearly articulating his opinions in a deposition."). The same reasoning squarely applies here because, as stated, at the time of Mr. Broussard's deposition Defendants' lacked his testimonial history; a summary of his opinions; the facts and data considered in forming his opinions; exhibits used to summarize or support his opinion; and a statement of compensation.

Moreover, as this Court has previously explained, "if the Court were to permit an expert who submits a deficient report to cure the deficiencies in his deposition, the disclosure requirements of Rule 26 would be rendered meaningless." *Williams*, 2015 WL 5438596, at *4 (quoting *Shepherd*, 2015 WL 1040452, at *2).

### d. The availability of a continuance to cure such prejudice

The fourth factor questions whether a continuance may cure such prejudice by allowing Defendants time to depose Ms. Martina, Dr. Rice, and Mr. Broussard. Obviously, the answer is "yes." But a continuance "would also result in additional delay, increase the expense incurred by all parties to this lawsuit, and require the expenditure of further Court resources." *See Broussard v. Go-Devil Mfg. Co. of La.*, No. 08-cv-00124, 2014 WL 354525, at *7 (M.D. La. Jan. 23, 2014) (Jackson, J.) (citing *Hamburger*, 361 F.3d at 883. Moreover, Plaintiffs have already missed multiple deadlines, and have "not given the Court any reason to believe that a continuance would deter [their] dilatory behavior in the future." *Id.* (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)). Finally, re-opening expert discovery at this late stage would necessarily mean re-setting the trial date, which, on the present record, would disserve judicial economy and undermine this Court's authority to enforce its scheduling orders and Local Rules. *See id.*; *see also Hamburger*, 361 F.3d at 884 ("Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance."). This factor favors exclusion.

In sum, the Court determines that the first, third, and fourth factors strongly favor exclusion, and that the second factor is a wash. Accordingly, the Court will also exclude Ms. Martina, Dr. Rice, and Mr. Broussard. *See Hamburger*, 361 F.3d at 884 (district court properly excluded late designated expert witness where the first, third, and fourth factors favored exclusion).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion To Strike And Exclude Experts Jennifer Marino, Seth Broussard, Eric Oberlander, Elizabeth Martina, And Randolph Rice (Doc. 93) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Oral Argument On Defendants' Motion To Strike And Exclude Experts Jennifer Marino, Seth Broussard, Eric Oberlander, Elizabeth Martina And Randolph Rice (Doc. 103) be and is hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 22nd day of June, 2021

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**