UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTHEW LEMINGS, ET AL.        CIVIL ACTION

VERSUS

CHARLES TAYLOR, ET AL.         NO. 18-00768-BAJ-SDJ

RULING AND ORDER

Before the Court is Defendants' **Motion For Partial Summary Judgment (Doc. 94)**, seeking dismissal of Plaintiff Matthew Lemings' claims of future lost wages and lost earning capacity. Plaintiffs oppose Defendants' Motion. (Doc. 101). For reasons to follow, Defendants' Motion will be granted, and Plaintiffs' claims of future lost wages and lost earning capacity will be dismissed with prejudice.

I. BACKGROUND

A. Undisputed Facts

The following facts are undisputed, as set forth in the parties' joint Pretrial Order (Doc. 110).

This action arises from an April 6, 2017 motor vehicle collision on U.S. Interstate 10 in East Baton Rouge Parish, Louisiana (the "April 6 Collision"). (Doc. 110 at 6). Plaintiff Matthew Lemings was driving his 2000 Chevrolet Trailblazer eastbound when he was struck by a 2007 Freightliner tractor operated by Defendant Charles Taylor. (*Id.* at 6-7). At the time of the accident, Mr. Taylor was employed by Defendant BR539 Trucking LLC, and was acting in the course and scope of his employment. (*Id.* at 7).

## B. Relevant Procedural History

On April 3, 2018, Plaintiffs Matthew Lemings and Candace Lemings (Matthew's wife) initiated this action, alleging claims of negligence against Mr. Taylor, and *respondeat superior* liability against BR539 Trucking and its liability insurer, Hallmark County Mutual Insurance Company. (Doc. 1-2). Most relevant here, Plaintiffs allege that Mr. Lemings suffers a residual disability as a result of the April 6 Collision, and seek damages to compensate for Mr. Lemings' future lost wages and lost earning capacity. (*Id.* at ¶ 11).

On February 1, 2021, after discovery closed, Defendants filed the instant motion for partial summary judgment, seeking dismissal of Mr. Lemings' claims to future lost wages and lost earning capacity. (Doc. 94). In short, Defendants argue that these claims must necessarily fail because the evidence shows that Mr. Lemings' earning capacity has not changed since the April 6 Collision. (Doc. 94-1 at 2). Defendants support their Motion with a Statement of Uncontested Facts—citing deposition testimony and other evidence—establishing that prior to the April 6 Collision, Mr. Lemings worked in the energy sector as a quality control field inspector earning $35.00 per hour; that five months after the April 6 Collision, Mr. Lemings was released to full work duty without any restrictions or limitations; that Mr. Lemings' treating physicians have not subsequently imposed any restrictions or limitations on his ability to work; and that since being released to full work duty, Mr. Lemings has obtained various positions earning wages in excess of $35.00 per hour. (Doc. 94-2 ¶¶ 1, 4, 5, 7, 9, 14).

On March 15, 2021, Plaintiffs submitted their opposition to Defendants'

2

Motion, arguing that a genuine dispute exists regarding whether Mr. Lemings is entitled to future lost wages and lost earning capacity. (Doc. 101). Notably, Plaintiffs' opposition is not accompanied by a separate opposing statement of material facts, as required by Local Rule 56(c).[1] Instead, Plaintiffs' opposition cites exclusively to declarations and untimely expert reports obtained from Elizabeth B. Martina, a licensed rehabilitation counselor, and G. Randolph Rice, Ph.D., an economist. (*See* Docs. 101-2, 101-3).

Critically, on June 22, 2021, the Court entered its Order excluding all testimony and evidence obtained from Ms. Martina and Dr. Rice, due to Plaintiffs' untimely expert designations and repeated failure to adhere to this Court's scheduling orders. (Doc. 116). As a result of the June 22 Order, Plaintiffs lack any evidence supporting their opposition to Defendants' Motion. *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (holding that when a party cannot "offer expert testimony at trial, he cannot use that expert witness's affidavit to oppose summary judgment").

---

[1] To be sure, Plaintiffs' opposition begins with a recitation of fourteen "facts in dispute." (Doc. 101 at 1-2). Plainly, however, this recitation is *not* an opposing statement of material facts as set forth in Local Rule 56(c). First, it is *not* a "separate" statement submitted alongside Plaintiffs' opposition. M.D. La. LR 56(c). More important, Plaintiffs' submission does *not* "admit, deny or qualify the facts" set forth in Defendants' Statement Of Uncontested Facts. *Id.* As such, Plaintiffs' recitation of "facts in dispute" is deficient, and will be disregarded. *CMFG Life Ins. Co. v. Lee*, No. 20-cv-00157, 2021 WL 1395768, at *1 (M.D. La. Apr. 13, 2021) (Jackson, J.). (disregarding plaintiff's deficient statement of material facts due to plaintiff's failure to cite record evidence in violation of Local Rule 56(b): "[T]his Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that fails to comply with the Local Rules does so at his own peril.").

## II. ANALYSIS

### A. Standard

Federal Rule of Civil Procedure 56 provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant bears its burden of showing that there is no genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587. Stated differently, "[i]f the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

"This Court has repeatedly admonished that summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting his claims cannot carry his burden of showing a genuine, material dispute (or lack thereof)." *CMFG Life Ins. Co. v. Lee*, 20-cv-00157, 2021 WL 1395768, at *1 (M.D. La. Apr. 13, 2021) (Jackson, J.) (citing authorities). Further, when responding to a summary judgment motion, a party "cannot attempt to create a fact issue with evidence of facts that cannot be proven at trial." *Geiserman*, 893 F.2d at 792. To the point, when a party cannot "offer expert testimony at trial, he cannot use that expert witness's affidavit to oppose summary judgment." *Id.* at 793.

4

### B. Discussion

Claims of future lost wages and lost earning capacity require the plaintiff to show "that his ability to earn a living is impaired." *Branan v. Allstate Ins. Co.*, 99-1209 (La. App. 5 Cir. 4/25/00), 761 So. 2d 612, 616. Such claims are "inherently speculative," and therefore must be supported by "a factual basis in the record." *Davis v. Foremost Dairies*, 45,835 (La. App. 2 Cir. 2/16/11), 58 So. 3d 977, 992, *writ denied* (La. 4/25/11), 62 So. 3d 98. At minimum, the "plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident." *Aisole v. Dean*, 574 So. 2d 1248, 1252 (La. 1991); *see also Pontiff v. Pecot & Assocs. Rehab. & Physical Therapy Servs., Inc.*, 2000-1203 (La. App. 3 Cir. 1/31/01), 780 So. 2d 478, 487 ("Medical testimony that a plaintiff either cannot work, or has a reduced capacity to work, is essential to establishing loss of future income."). "[P]urely conjectural or uncertain future loss earnings will not be allowed." *Branan*, 761 So. 2d at 616.

Here, Defendants' summary judgment evidence establishes that prior to the April 6 Collision, Mr. Lemings earned a wage of $35.00 per hour; that following the April 6 Collision, he was released to full work duty without any restrictions or limitations; and that since being released to full work duty, he has obtained various positions earning wages in excess of $35.00 per hour. (*See* Doc. 94-2 at ¶¶ 1, 4, 5, 7, 9, 14).

Plaintiffs respond that these facts are disputed, and attempt to show "that Mr. Lemings is currently limited to light duty with no repetitive overhead lifting, bending or twisting due to the automobile accident of April 6, 2017." (Doc. 101 at 8). Yet,

5

Plaintiffs' showing is deficient in at least two respects. First, by virtue of having failed to submit an opposing statement of material facts, Plaintiffs *admit* that Defendants' facts set forth above are true. *See* M.D. La. LR 56(f) ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). Second, Plaintiffs' summary judgment *evidence*—consisting exclusively of expert testimony and reports obtained from Ms. Martina and Dr. Rice—has now been excluded from trial, and therefore cannot be used "to oppose summary judgment." *Geiserman*, 893 F.2d at 793.

In sum, Plaintiffs admit that Mr. Lemings has been released to work without limitations *and* is capable of earning more money now than he did before the April 6 Collision. Further, Plaintiffs fail to provide any evidence controverting these facts. Quite simply, Plaintiffs have offered nothing whatsoever to support the essential elements of their claims to future lost wages and lost earning capacity—specifically, that Mr. Lemings suffers from a residual disability due to the April 6 Collision, and that his ability to earn a living is impaired. As such, summary judgment is unavoidable, and Plaintiffs' claims of future lost wages and lost earning capacity must be dismissed with prejudice. *Geiserman*, 893 F.2d at 793.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion For Partial Summary Judgment (Doc. 94) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims of future lost wages and

lost earning capacity be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Oral Argument On Defendants' Motion For Partial Summary Judgment (Doc. 102) be and is hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 23rd day of June, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**