# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW LEMINGS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHARLES TAYLOR, ET AL.** | **NO. 18-00768-BAJ-SDJ** |

### RULING AND ORDER

Before the Court is Defendants' **Motion In Limine (Doc. 115)**. Plaintiff opposes Defendants' Motion, in part. (Doc. 121). For reasons to follow, Defendants' Motion will be granted in part and denied in part.

## I. BACKGROUND

The following facts are undisputed, as set forth in the parties' joint Pretrial Order (Doc. 110).

This action arises from an April 6, 2017 motor vehicle collision on U.S. Interstate 10 in East Baton Rouge Parish, Louisiana. (Doc. 110 at 6). Plaintiff Matthew Lemings was driving his 2000 Chevrolet Trailblazer eastbound when he was struck by a 2007 Freightliner tractor operated by Defendant Charles Taylor. (*Id.* at 6-7). At the time of the accident, Mr. Taylor was employed by Defendant BR539 Trucking LLC, and was acting in the course and scope of his employment. (*Id.* at 7).

A jury trial is set to begin August 16, 2021. Now, by their Motion In Limine, Defendants' seek to limit or exclude certain evidence Plaintiff proposes to introduce at trial. (Doc. 115). Plaintiff opposes Defendants' Motion, in part. (Doc. 121).

## II. ANALYSIS

At the outset, it bears reminding that motions in limine are *not* favored.

> Virtually any objection to the admissibility of evidence can and should be handled in the old-fashioned way, to wit: counsel objecting at the time the evidence is offered, thereby allowing the Court to rule on the objection in the context of the trial. *In limine* relief is warranted only in unusual situations, such as a matter so explosive or so incendiary that sustaining an objection in the routine way may not be sufficient to overcome the risk of undue prejudice.

*Broussard v. Board Of Supervisors Of Louisiana State University And A&M College, et al.,* No. 19-cv-00527-BAJ-RLB, 2021 WL 3032666, at *1 (M.D. La. July 19, 2021) (Jackson, J.) (quoting *Louis Vuitton Malletier v. Eisenhauer Rd. Flea Mkt., Inc.*, No. 11-cv-124, 2012 WL 13034079, at *1 (W.D. Tex. Jan. 4, 2012) (Hudspeth, J)).

Here, Defendants' seek more than one dozen pretrial evidentiary rulings. Almost universally, the evidentiary issues presented are pedestrian, and certainly not "so explosive or incendiary" as to require pretrial relief.

Against this backdrop, the Court considers the specific items contained in Defendants' Motion, in the order they are presented in Defendants' memorandum in support.

### A. Evidence of amounts billed for Plaintiff Matthew Lemings's medical care

Defendants seek a blanket ruling preventing Plaintiffs from presenting "evidence of any medical charge beyond what he or his insurance actually paid, which the medical provider accepted as payment in satisfaction of the service provided to Plaintiff." (Doc. 115-1 at 3). Defendants' briefing is not clear regarding *what* specific evidence would be excluded by such a prohibition, though it appears that Defendants

2

would have the Court exclude "the full charges printed on invoices" from Mr. Lemings's medical providers, and allow Plaintiff to present evidence only "of the amounts actually paid." (Doc. 115-1 at 2-3). Defendants fail to identify any specific invoices that they contend are objectionable.

Based on the present showing, Defendants' objection will be overruled. Of course, as a general rule, Louisiana law prohibits a plaintiff from recovering the portion of a medical expenses that was negotiated, discounted, or written off by the provider. *See Williams v. IQS Ins. Risk Retention*, No. 18-cv-2472, 2019 WL 937848, at \*3 (E.D. La. Feb. 26, 2019) (Zainey, J.) (surveying cases: "[U]nder Louisiana law Plaintiffs cannot recover the Difference [between the amount billed and the amount actually paid] as an element of special damages."). Yet, exceptions to this rule plainly exist, depending on the facts of the case. Relevant here, a plaintiff *may* "recover the undiscounted or full billed medical charge (when the physician has accepted a lesser amount)" *if* the plaintiff *either* "paid for the benefit," *or* "demonstrate[s] that she suffered some diminution in her patrimony in order to be in a position to receive the benefit." *Williams*, 2019 WL 937848, at \*3.

Defendants have not briefed these issues, much less identified evidence establishing that Plaintiffs cannot prove an exception allowing them to recover the unpaid portion of their medical charges. "The Court will not speculate on arguments that have not been advanced, or attempt to develop arguments on [Defendants'] behalf." *Broussard*, 2021 WL 3032666, at \*5 (quotation marks and alterations omitted). Defendants' objection will be overruled, without prejudice to Defendants'

3

right to re-assert their objection should cause arise at trial.

### B. Evidence of Defendant Charles Taylor's 2006 conviction of aggravated sexual assault of a minor, and resulting sexual offender status

Defendants seek to prohibit any testimony and exclude all evidence of Defendant Taylor's 2006 conviction of aggravated sexual assault of a minor (for which he was imprisoned from 2005 to 2013), *and* resulting sexual offender status, arguing that any reference to such matters is irrelevant, unfairly prejudicial, and inflammatory. (Doc. 115-1 at 3-4). Plaintiffs respond that they should "be allowed to examine Mr. Taylor regarding his previous felony conviction" because "[t]he conviction is probative of his credibility." (Doc. 121 at 5).

This Court has previously set forth the standard governing impeachment of a witness by a prior felony conviction. In sum, Federal Rule of Evidence 609(a)(1) "requires a trial judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." *Gage v. Jenkins*, No. 13-cv-638, 2017 WL 1173934, at *3 (M.D. La. Mar. 29, 2017) (Dick, C.J.) (quoting *Miller v. Credit*, No. 12-cv-138, 2015 WL 1246557, at *1 (M.D. La. Mar. 18, 2015) (deGravelles, J.)); *see also Coursey v. Broadhurst*, 888 F.2d 338, 342 (5th Cir. 1989) (same). Accordingly, Defendants' Motion must be overruled and Plaintiffs will be allowed at trial to question Mr. Taylor regarding the fact of his felony conviction (including the year when he was adjudicated).

But while the fact of Mr. Taylor's felony conviction may be admissible, the factual details surrounding the underlying offense, and Mr. Taylor's resulting sex

4

offender status are irrelevant to this motor vehicle collision action, are of little probative value to the issue of Mr. Taylor's credibility, and would undoubtedly inflame the jury. Accordingly, the Court will exercise its discretion to prohibit Plaintiffs' from questioning Mr. Taylor regarding such information.

In sum, Plaintiffs will be allowed to ask *only* the following questions of Mr. Taylor regarding his 2006 conviction: (1) whether he has been convicted of a "felony"; and (2) when (what year) did the conviction occur. *See Gage*, 2017 WL 1173934, at *3 (allowing inquiry regarding the fact of witness's felony conviction, but excluding "evidence regarding the offenses committed or the factual details surrounding or underlying the convictions"); *cf. Boomsma v. Star Transp., Inc.*, 202 F. Supp. 2d 869, 883–84 (E.D. Wis. 2002) (excluding evidence of defendant's convictions of sexually assaulting a minor where the convictions were irrelevant to the issues presented in the motor vehicle accident case, and "potentially extremely prejudicial").

### C. Evidence of Defendant Charles Taylor's additional convictions that are more than 10 years old

Defendants seek to exclude any testimony and all evidence of Mr. Taylor's convictions for writing a bad check and for driving with a suspended license, arguing that each conviction is more than twenty years old, and therefore unfairly prejudicial. (Doc. 115-1 at 4). Plaintiffs respond "that they do not intend to elicit testimony or introduce evidence of Mr. Taylor's convictions that are more than ten years old." (Doc. 121 at 5).

In light of Plaintiffs' concession, Defendants' objection is overruled as moot. Plaintiffs will not be allowed to introduce at trial any evidence of Mr. Taylor's

5

additional convictions that are more than 10 years old.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendants' Motion *In Limine* (Doc. 115)** be and is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth in this Order.

**IT IS FURTHER ORDERED** that Defendants' various motions seeking leave to file a reply in further support of their Motion *In Limine* (Docs. 126, 127, 128) be and are hereby **DENIED**.

Baton Rouge, Louisiana, this 28th day of July, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**